# EXHIBIT 'A"
## *(State Court Complaint)*

ELECTRONICALLY FILED - 2021 Oct 15 9:55 AM - DILLON - COMMON PLEAS - CASE#2021CP1700426

| | |
|---|---|
| STATE OF SOUTH CAROLINA | ) IN THE COURT OF COMMON PLEAS |
| COUNTY OF DILLON | ) FOURTH JUDICIAL CIRCUIT |
| | ) C/A No.: 2021-CP-17-_____ |
| Kimberly McClure, individually and in her capacity as G.A.L. for M.G.B, a minor under the age of 18, | ) |
| Plaintiffs, | ) |
| v. | ) **COMPLAINT** |
| | ) **(Jury Trial Demanded)** |
| Vikramjeet Singh and WMK Trucking, Inc., | ) |
| Defendants. | ) |

COME NOW, Kimberly McClure, individually and in her capacity as Guardian ad Litem for M.G.B., a minor under the age of 18 (collectively, "Plaintiffs"), and makes and files this Complaint against Defendants Vikramjeet Singh (hereinafter, "Singh") and WMK Trucking, Inc. (hereinafter, "WMK") (collectively, "Defendants"), showing this honorable Court as follows:

1.      This case arises when a tractor trailer operated by Defendant Singh crashed into the rear of a Toyota 4runner owned and operated by Regina Buffkin on Interstate 95 on July 14, 2021, near the town of Latta, Dillon County, South Carolina, severely injuring Plaintiffs.

2.      Plaintiff Kimberly McClure, individually (hereinafter, "McClure"), is a resident of Dillon County, South Carolina and submits herself to the jurisdiction and venue of this Court.

3.      Plaintiff McClure, by Order of this Court, is the Guardian ad Litem for M.G.B., a minor (DOB XX/XX/2012) (hereinafter, "Minor") under the age of eighteen (18) years who resides with her mother in Dillon County.

ELECTRONICALLY FILED - 2021 Oct 15 9:55 AM - DILLON - COMMON PLEAS - CASE#2021CP1700426

4.      Upon information and belief, Defendant Singh is a citizen and resident of Kern County, California and may be served through the Director of the South Carolina Department of Motor Vehicles pursuant to S.C. Code Ann. §15-9-350.

5.      Defendant Singh has been properly named and served and is subject to the jurisdiction and venue of this Court.

6.      Upon information and belief, Defendant WMK is a foreign corporation with its principal office located in California at 6687 N. Bain Ave, Fresno, California 93722, and may be served with the Summons and Complaint through the Director of the South Carolina Department of Motor Vehicles pursuant to S.C. Code Ann. §15-9-360.

7.      Defendant WMK has been properly named and served and is subject to the jurisdiction and venue of this Court.

8.      That this Court has jurisdiction over this matter and the parties, and venue is proper in Dillon County.

**BACKGROUND**

9.      On July 14, 2021, Regina B. Buffkin (hereinafter, "Buffkin") owned and operated a 2019 Toyota 4Runner southbound on Interstate 95 in Dillon County, South Carolina.

10.     Rhonda B. Rabb was the front seat passenger in Buffkin's 4Runner.

11.     Minor was a back seat passenger in Buffkin's 4Runner.

12.     Buffkin was stopped in traffic in southbound Interstate 95.

13.     At the same time, Defendant Singh operated a 2021 Freightliner Cascadia tractor, with attached trailer (hereinafter, the "the tractor trailer" or "vehicle"), southbound on Interstate 95.

ELECTRONICALLY FILED - 2021 Oct 15 9:55 AM - DILLON - COMMON PLEAS - CASE#2021CP1700426

14.     The tractor trailer being operated by Defendant Singh was a commercial motor vehicle as defined under the Federal Motor Carrier Safety Regulations.

15.     The tractor trailer being operated by Defendant Singh was a commercial motor vehicle as defined under South Carolina law and trucking regulations, S.C. Code Ann. §56-1-2030(4)(a).

16.     The tractor trailer being operated by Defendant Singh was owned by Defendant WMK.

17.     Defendant Singh was operating the tractor trailer as an employee of, under dispatch to, and on behalf of Defendant WMK.

18.     At the time of the subject incident and at all relevant times leading up thereto, Defendant Singh was operating the tractor trailer while in the course and scope of his employment, agency, and/or servitude with Defendant WMK.

19.     Defendant WMK is a commercial motor carrier as defined under the Federal Motor Carrier Safety Regulations and operates in interstate commerce pursuant to USDOT 3319689.

20.     Defendant Singh operated the tractor trailer at an unsafe speed and failed to keep a proper lookout on the highway ahead of him.

21.     Defendant Singh allowed himself to become physically and mentally distracted while operating the tractor trailer.

22.     Defendant Singh failed to operate the tractor trailer in accordance with traffic laws, federal regulations, and trucking industry standards.

23.     Defendant Singh operated the tractor trailer in a manner that was negligent, negligent *per se*, careless, reckless, grossly negligent, and willful and wanton.

ELECTRONICALLY FILED - 2021 Oct 15 9:55 AM - DILLON - COMMON PLEAS - CASE#2021CP1700426

24.    As Regina Buffkin lawfully operated her vehicle on Interstate 95 Defendant Singh slammed the tractor trailer into the rear of the Toyota 4Runner.

25.    There was nothing that Regina Buffkin could have done to avoid the collision.

26.    There was nothing that Minor could have done to avoid the collision.

27.    The sole proximate cause of the collision was the Defendants' negligence, negligence *per se*, carelessness, recklessness, gross negligence, and willful and wanton behavior in the operation of the tractor trailer and the negligent hiring, qualifying, training, and supervision of Defendant Singh.

28.    As a result of the subject collision, Plaintiffs suffered and will continue to suffer damages as more fully set forth herein.

## FOR A FIRST CAUSE OF ACTION
### (Negligence/Gross Negligence/Negligence *per se*)
### (Defendant Singh)

29.    Plaintiffs reallege and incorporate herein the allegations contained in paragraphs 1 through 28 above as if set forth herein, verbatim.

30.    That as a result of the subject collision, Plaintiffs were injured and damaged as more specifically set forth herein.

31.    That the injuries and damages sustained by Plaintiffs were caused and occasioned by the willful, wanton, reckless, careless, negligent, and unlawful conduct on the part of Defendant Singh in one or more of the following ways:

(a)    In failing to have the vehicle equipped with adequate brakes or if said vehicle was equipped with adequate brakes, in failing to properly apply the same;

(b)    In failing to yield the right of way;

(c)    In failing to maintain proper control over the vehicle which Defendant Singh was operating;

ELECTRONICALLY FILED - 2021 Oct 15 9:55 AM - DILLON - COMMON PLEAS - CASE#2021CP1700426

(d)     In failing to avoid colliding with the Toyota 4Runner after having ample opportunity to do so, thus failing to exercise the doctrine of last clear chance;

(e)     In driving a commercial motor vehicle in a dangerous and improper manner without regard for the rights of others on the road;

(f)     In failing to give any warning or signal that Defendant Singh was about to collide with the Toyota 4Runner;

(g)     In failing to operate a commercial motor vehicle at or under the posted speed limit;

(h)     In operating a commercial motor vehicle at a speed too fast for the conditions then and there existing;

(i)     In failing to keep a proper lookout;

(j)     In failing to use proper visual search methods;

(k)     In violation of South Carolina traffic laws, including without limitation Sections 56-5-1520 (general rules as to maximum speed limits; lower speeds may be required) and 56-5-2920 (reckless driving), which violations constitute negligence *per se*;

(l)     Violation of Federal Motor Carrier Safety Regulations, which violations constitute negligence *per se*;

(m)     Violation of trucking industry standards, including without limitation, those addressing defensive driving, safe driving, record keeping, and training;

(n)     Otherwise failing to act reasonably and prudently in the operation of a commercial motor vehicle under the circumstances; and

(o)     In other such ways as may be determined during discovery of this matter.

All of the above being in violation of the laws of the State of South Carolina. Therefore, Defendant Singh is liable to Plaintiffs for all of their injuries and damages, and Defendant WMK is also liable to Plaintiffs for their injuries and damages under the doctrine of *Respondeat Superior* for the negligent acts or omissions of its employees, agents, or servants, which includes but is not limited to, Defendant Singh.

ELECTRONICALLY FILED - 2021 Oct 15 9:55 AM - DILLON - COMMON PLEAS - CASE#2021CP1700426

32. Defendants' conduct caused the subject collision with the Toyota 4Runner.

33. As a direct and proximate cause of Defendants' negligent, negligent *per se*, careless, reckless, grossly negligent, and willful and wanton conduct, Rhonda Rabb and Regina Buffkin sustained fatal injuries causing damages and injuries to Minor.

34. As a direct and proximate cause of Defendants' negligent, negligent *per se*, careless, reckless, grossly negligent, and willful and wanton conduct, Minor suffered, and will continue to suffer, physical injuries, pain, suffering, mental anguish, shock, worry, frustration, extreme emotional injuries, and lost wages and diminished earning capacity.

35. As a direct and proximate cause of Defendants' negligent, negligent *per se*, careless, reckless, grossly negligent, and willful and wanton conduct McClure suffered economic damages associated with Minor's injuries and damages.

36. By virtue of Defendants' negligent, negligence *per se*, careless, reckless, grossly negligent, and willful and wanton conduct, Defendants are liable to Plaintiffs for all damages allowed under the law and as set forth more fully herein.

## FOR A SECOND CAUSE OF ACTION
**(Negligent Hiring, Qualifying, Training, Retention, & Supervision)**
**(Defendant WMK)**

37. Plaintiffs reallege and incorporate herein the allegations contained in paragraphs 1 through 36 above as if set forth herein, verbatim.

38. That the injuries and damages sustained by Plaintiffs were caused and occasioned by the willful, wanton, reckless, careless, negligent, and unlawful conduct on the part of Defendant WMK in one or more of the following ways:

    (a)    In hiring Defendant Singh and entrusting him to drive a tractor trailer;

    (b)    In failing to properly qualify Defendant Singh;

ELECTRONICALLY FILED - 2021 Oct 15 9:55 AM - DILLON - COMMON PLEAS - CASE#2021CP1700426

(c)     In failing to properly train Defendant Singh;

(d)     In failing to properly supervise Defendant Singh;

(e)     In retaining Defendant Singh as an employee/driver;

(f)     In failing to implement safety practices, rules, regulations or policies to assure safe operation of commercial vehicles by their drivers or if they had practices, rules, regulations or policies regarding safe operation of commercial vehicles, in failing to enforce the same;

(g)     In failing to exercise that degree of care and caution that a reasonable and prudent company would have exercised under the circumstances then and there prevailing; and,

(h)     In such other ways as may be determined through discovery of this matter.

All of the above being in violation of the laws of the State of South Carolina.

39.     Defendants' conduct is the sole and proximate cause of the collision, Rhonda Rabb and Regina Buffkin's fatal injuries, Minor's physical injuries, pain, suffering, mental anguish, shock, worry, frustration, emotional injuries, and lost wages and diminished earning capacity, and McClure's economic damages associated with the medical treatment provided to Minor.

40.     By virtue of Defendants' negligent, negligent *per se*, careless, reckless, grossly negligent, and willful and wanton conduct, Defendants are liable to Plaintiffs for all damages allowed under the law and as set forth more fully herein.

### FOR A THIRD CAUSE OF ACTION
**(Imputed Liability/*Respondeat Superior*)**

41.     Plaintiffs reallege and incorporate herein the allegations contained in paragraphs 1 through 40 above as if fully restated.

42.     At the time of the subject collision, Defendant WMK owned the tractor trailer truck driven by Defendant Singh.

ELECTRONICALLY FILED - 2021 Oct 15 9:55 AM - DILLON - COMMON PLEAS - CASE#2021CP1700426

43.     At the time of the subject collision, Defendant Singh was operating the tractor trailer on behalf of, for the purposes of, and under dispatch to Defendant and with its knowledge and consent.

44.     At the time of the subject collision, Defendant Singh was the agent, servant or employee of Defendant WMK and was acting in the course and scope of his agency, employment, or in the furtherance of the business interest of Defendant WMK.

45.     Defendant WMK is responsible for the actions of Defendant Singh in regard to the subject collision described in this Complaint under the doctrine of *respondeat superior*, lease liability, agency, or apparent agency.

46.     By virtue of Defendants' negligent, negligent *per se*, careless, reckless, grossly negligent, and willful and wanton conduct, Defendant is liable to Plaintiffs for all damages allowed under the law and as set forth more fully herein.

<u>**FOR A FOURTH CAUSE OF ACTION**</u>
**(Negligent Infliction of Emotional Distress)**

47.     Plaintiffs reallege and incorporate herein the allegations contained in paragraphs 1 through 46 above as if set forth herein, verbatim.

48.     Based on the facts as set forth more fully hereinabove, the Defendants are liable, jointly and severally, for negligent infliction of emotional distress as to Minor because:

(a)     the negligence of Defendants caused serious physical injury to Minor and serious physical and fatal injuries to Rhonda Rabb and Regina Buffkin;

(b)     Minor was in close proximity to Rhonda Rabb and Regina Buffkin, and all were passengers in the vehicle that Defendants' tractor trailer crashed into;

(c)     Minor and Rhonda Rabb were closely related to each other;

(d)     Minor and Regina Buffkin were closely related to each other; and,

ELECTRONICALLY FILED - 2021 Oct 15 9:55 AM - DILLON - COMMON PLEAS - CASE#2021CP1700426

(e)     Minor contemporaneously experienced the collision with Rhonda Rabb and Regina Buffkin.

49.     As a direct and proximate result of Defendants' negligent, negligent *per se*, careless, reckless, grossly negligent, and willful and wanton conduct, Minor suffered and will continue to suffer from severe emotional distress.

50.     That, upon information and belief, the severe emotional distress suffered by Minor from the above both manifested itself by physical symptoms capable of objective diagnosis and can be established by expert testimony.

51.     That, upon information and belief, McClure has incurred medical expenses related to the treatment of the severe emotional distress suffered by Minor.

52.     By virtue of Defendants' negligent, negligent *per se*, careless, reckless, grossly negligent, and willful and wanton conduct, Defendants are liable to Plaintiffs for all damages allowed under the law and as set forth more fully herein.

## DAMAGES

53.     Plaintiffs reallege and incorporate herein the allegations contained in paragraphs 1 through 52 above as if fully restated.

54.     Each of the Defendants acted in a manner that either alone, and/or combined and/or concurring with the actions of the other Defendants described herein, directly and proximately caused the collision and Plaintiffs' injuries.

55.     As a direct and proximate result of Defendants' negligent, negligent *per se*, careless, reckless, willful, and wanton conduct, Minor was physically injured and have suffered and will continue to suffer pain, disability, loss of enjoyment of life, anxiety, severe emotional distress, lost wages and diminished earning capacity, and related damages.

56.     As a direct and proximate result of Defendants' negligent, negligent *per se*,

ELECTRONICALLY FILED - 2021 Oct 15 9:55 AM - DILLON - COMMON PLEAS - CASE#2021CP1700426

careless, reckless, willful, and wanton conduct, McClure has suffered and will continue to suffer economic damages, expenses related to Minor's treatment, lost wages and diminished earning capacity, and related damages allowable under the law.

57.    As a direct and proximate result of Defendants' negligent, negligent *per se*, careless, reckless, grossly negligent, and willful and wanton conduct, Minor was thrown violently in and about Buffkin's vehicle, was greatly and severely injured in and about her head, neck, back, body, and limbs, was rendered sick, sore, lame, disabled, bruised and shocked thereby and continue so to be, has suffered extreme and excruciating pain, bruises, lacerations, contusions, and suffering continuously to this date and will suffer such pain in the future.

58.    As a direct and proximate result of Defendants' negligent, negligent *per se*, careless, reckless, grossly negligent, and willful and wanton conduct, Rhonda Rabb and Regina Buffkin suffered fatal injuries.

59.    That as a direct and proximate cause of said negligence, wantonness, recklessness, and unlawfulness on the part of Defendants as set forth above:

(a)    Minor was committed to the hospital and will be required to enter the hospital in the future for long and extensive periods of time;

(b)    Minor was confined to the care and treatment of skilled physicians and nurses; Minor is presently being treated by such persons and will continue to receive treatment from them in the future; that McClure has expended large sums of money for such treatment and Plaintiffs will be obligated to expend even more money in the future for such care and treatment;

(c)    Minor will be hindered and prevented in the future from transacting and attending to her necessary and lawful affairs since the date of the collision and loss and were deprived of divers gains, profits, salaries, pleasures, advantages, and earning capacity and ability which Minor would have otherwise derived and acquired;

(d)    McClure wase in the past, present, and will continue in the future to be put to great expense for medicine and drugs;

ELECTRONICALLY FILED - 2021 Oct 15 9:55 AM - DILLON - COMMON PLEAS - CASE#2021CP1700426

(e)     Minor will in the future be put to great expense for medicine and drugs;

(f)     McClure has expended large sums of money in the past and present for transportation to and from the doctor's office and hospitals and will continue to have such expenses in the future for consultation and treatment;

(g)     Minor will in the future be put to great expense for transportation to and from the doctor's office and hospitals and will continue to have such expenses in the future for consultation and treatment;

(h)     Minor's previous good health has been permanently impaired;

(i)     Plaintiffs have suffered a loss of wages and in the future will suffer a loss of wages due to the injuries received;

(j)     Rhonda Rabb and Regina Buffkin sustained fatal injuries causing damages and injuries to Minor; and,

(k)     In such other ways as may be established during discovery of this matter and allowable under the law.

60.     That Plaintiffs are informed and believe that they are entitled to recover fair and full compensation for all injuries and damages that have been suffered as a proximate result of the collision and that will be suffered in the future as a result of the collision, including, without limitation, all special damages and compensatory damages, economic damages, medical expenses, lost wages, travel expenses, and other necessary expenses, as well as fair and full compensation for all pain and suffering, including physical pain, mental and emotional distress and suffering, shock of impact, disability, worry, anxiety, loss of enjoyment of life, loss of capacity to work, and other categories of damages provided for under the law.

61.     Defendants' conduct was reckless, willful, and wanton, and demonstrated a conscious indifference to the consequences of their actions and entitles Plaintiffs to an award of punitive damages.

62.     As a direct and proximate result of Defendants' willful, wanton and/or reckless conduct, Minor was seriously and permanently injured, causing great pain and suffering, physical

and mental anguish, severe emotional distress, permanent disability, including severe and potentially permanent brain injury, past and future medical expenses, and past and future lost wages. Plaintiffs will continue to suffer pain, mental anguish, severe emotional distress, and will continue to incur medical expenses and damages in the future.

**WHEREFORE** Plaintiffs pray for relief and ask for judgment against Defendants Singh and WMK, jointly and severally, for actual damages, special damages, economic damages, and punitive damages, the costs of this action, and for such other and further relief as this Court may deem just and proper.

Respectfully submitted,

October 15, 2021.

s/Alexander S. Hogsette

**E. HOOD TEMPLE, ESQ.**
SC Bar No. 12962
**ALEXANDER S. HOGSETTE, ESQ.**
SC Bar No. 101244
Attorneys for Plaintiff

**HATFIELD TEMPLE LAW, LLC**
170 Courthouse Square
Post Office Box 1770
Florence, SC  29503-1770
(843) 662-5000
ehtemple@htlawsc.com
ashogsette@htlawsc.com

ELECTRONICALLY FILED - 2021 Oct 15 9:55 AM - DILLON - COMMON PLEAS - CASE#2021CP1700426